**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MARSHA L. GRUBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-1086 |
| | ) | |
| COOK MEDICAL | ) | **JURY TRIAL DEMAND** |
| TECHNOLOGIES, LLC, and PENNY | ) | |
| KING, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff MARSHA GRUBB (hereinafter "Plaintiff" or "GRUBB"), by and through her undersigned counsel, as and for her Complaint in this action against Defendant COOK MEDICAL TECHNOLGIES, LLC. (hereinafter "Defendant" or "COOK"), and PENNY KING (hereinafter "KING"), complain as follows:

**NATURE OF THE CLAIMS**

1.      This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory, liquidated and punitive damages to redress Defendant COOK's unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.,* as amended ("ADAAA") (collectively, the "ADA").

2.      Plaintiff claims she was terminated because of her disability and/or perceived disability by Defendant in violation of her federally protected rights.

3.      Defendant's discriminatory termination of Plaintiff was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff. This unlawful conduct has

caused, and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her personal reputation.

4.      Plaintiff also brings state law claims against Defendant KING for the torts of battery and Intentional Infliction of Emotional Distress; and against Defendant COOK for Negligent Supervision, and retaliatory discharge under Indiana Workers Compensation law (*Frampton Violation*) for Plaintiff's filing for workers' compensation benefits.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question regarding the depravation of Plaintiff's rights under federal law. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §§ 12101, *et seq.*

6.      The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1391.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is conducting business in the Southern District of Indiana, and a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Indiana.

## PARTIES

8.      Plaintiff is a female citizen and resides in Monroe County, Bloomington, Indiana.

9.      Plaintiff is a qualified individual with a disability as defined by 28 U.S.C. § 12131, namely from a workplace injury resulting in injury to her neck and spine, causing, pain, numbness and weakness, and said disability limits a major life function.

10.     Defendant KING is a female citizen and resides in Morgan County, Paragon, Indiana.

2

11.     Upon information and belief, at all times relevant herein, Defendant COOK is an Indiana Limited Liability Company with its principal place of business located at 750 North Daniels Way, Bloomington, Indiana 47404.

12.     At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes and was employed by Defendant COOK.

### PROCEDURAL REQUIREMENTS

13.     On or about August 8, 2016, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA. This discrimination charge arose out of the same facts alleged herein.

14.      On or about January 13, 2017, Plaintiff received her Notice of Suit Rights from the EEOC. This action has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

15.     Any and all other prerequisites to the filing of this suit have been met.

### FACTUAL ALLEGATIONS

16.     Defendant is in the business of manufacturing and sale of medical devices.

17.     On or about September 23, 2013, Plaintiff was hired by Defendant as an Assembler at Defendant's Bloomington operations.

18.     Sometime after COOK hired the Plaintiff, she went to the position of Machine Operator.

19.     Sometime on or about January 23, 2015, Plaintiff sustained an ergonomic injury to her neck and shoulders (Cervical Radiculitis) while working as a Machine Operator.

20.     This injury was reported to Defendant COOK's Workers Compensation insurance carrier.

21.     As part of Plaintiff's medical treatment, since on or about February 9, 2015, Plaintiff's was placed in a neck brace by her treating physician.

22.      As a result of having to wear said neck brace, Plaintiff was unable to hold her head up straight.

23.     Plaintiff could still perform her essential job functions after her workplace injury in January 2015.

24.     From the time of her initial injury, until after her termination of employment, Plaintiff continued to receive treatment for her injury.

25.     Sometime on or about March 16, 2015, Defendant-Employer's Group Leader Penny King had put her hand under Plaintiff's chin and the other hand on the back of Plaintiff's head, "pulled her head up" and said to the Plaintiff: "hold your head up"!

26.     Again, sometime on or about April 14, 2015, KING had again put her hand under Plaintiff's chin and the other hand on the back of Plaintiff's head, "pulled her head up" and said to the Plaintiff: "hold your head up"!

27.     On or about April 14, 2015, Plaintiff had complained to Defendant COOK about King's conduct.

28.      On or about April 14, 2015 Plaintiff complained to Defendant COOK that she could not hold her head up due to her disability.

29.     On or about September 17, 2015 Plaintiff was taken off of her assigned machine and re-assigned to the 'hand tipping' operation, exacerbating Plaintiff's injury.

30.     On or about October 1, 2015, Plaintiff's physician restricted Plaintiff from the 'hand tipping' job.

31.     On or about October 12, 2015, Plaintiff received a verbal warning for having head down and allegedly having her eyes closed.

32.     On or about October 13, 2015, Plaintiff received a written warning for having head down and allegedly having her eyes closed.

33.     On or about November 23, 2015, Plaintiff received a written warning for having head down and allegedly having her eyes closed.

34.     On or about December 15, 2015 Plaintiff was terminated for having head down and allegedly having her eyes closed.

35.     At all times material herein, COOK had knowledge of Plaintiff's disability, and/or regarded her as being disabled.

## COUNT I

## Violation of the ADA

36.     Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by reference as though set forth in full.

37.     Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

38.     Defendant COOK terminated plaintiff because of her disability in violation of the ADA.

39.     Defendant COOK discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, terminating her employment because of her disability and/or perceived disability [under the guise of 'closing her eyes'].

40.     Defendant COOK's stated reasons for discipline and/or termination of employment were a pretext for disability discrimination in violation of the ADA.

41.     As a direct and proximate result of Defendant COOK's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages.

42.     Defendant COOK's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the ADA for which Plaintiff is entitled to an award of liquidate damages.

## COUNT II

## Battery

43.     Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by reference as though set forth in full.

44.     Defendant KING touched GRUBB in a harmful and offensive manner to wit: *putting her hand under Plaintiff's chin and the other hand on the back of Plaintiff's head and pulling her head up*.

45.     GRUBB did not consent to the harmful and offensive touching by KING.

46.     COOK is responsible to GRUBB under the doctrine of *Respondeat Superior*.

47.     GRUBB has suffered injury and damages as a result of Defendant KING's wrongful acts.

48.     Defendant KING's conduct as alleged herein was willful, knowing, intentional, despicable, contemptible, disgraceful, malicious, and oppressive, and therefore, GRUBB seeks an

award of punitive damages in an amount to punish and deter this type of conduct in the future and to make an example of the Defendant.

## COUNT III

### Intentional Infliction of Emotional Distress

49.     Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by reference as though set forth in full.

50.     KING, while within the course and scope of her employment with COOK, engaged in the outrageous conduct by committing a battery upon the Plaintiff.

51.     KINGS's conduct as described above was done with the intent to cause Plaintiff humiliation, embarrassment, and mental anguish.

52.     Defendant COOK's conduct was extreme and outrageous.

53.     In engaging in the extreme and outrageous conduct alleged herein, Defendant KING intended to cause, or acted with a reckless disregard for the probability of causing the Plaintiff severe emotional distress.

54.     As a direct and proximate cause of Defendant KING's actions, the Plaintiffs has suffered severe emotional distress and has suffered damages according to proof.

55.     COOK is responsible to GRUBB under the doctrine of *Respondeat Superior*.

56.     Defendant KING's conduct as alleged herein was willful, knowing, intentional, despicable, contemptible, disgraceful, loathsome, malicious, oppressive, and therefore the Plaintiff seeks an award of punitive damages in an amount to punish and deter this type of conduct in the future and to make an example of the Defendants.

7

57.     GRUBB has suffered injury and damages as a result of Defendant KING's wrongful acts.

## COUNT IV

### Negligent Supervision

58.     Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by reference as though set forth in full.

59.     COOK had the responsibility and duty to adequately and properly supervise their employees including KING. COOK knew or should have known that KING was an unfit and/or incompetent employee whose unfitness and/or incompetence created a particular risk of harm to COOK's employees and business invitees.

60.     COOK negligently, carelessly, and recklessly supervised and failed to supervise KING. These negligent, careless and reckless acts and omissions were a substantial factor and a legal and proximate cause of the damages and injuries sustained by all Plaintiffs as alleged in this Complaint.

61.     As approximate result of the negligence of Defendants, and each of them, GRUBB has been severely damaged physically and emotionally, and otherwise, all to their special and general damages in amounts to be proven at trial.

## COUNT V

### Wrongful Termination in Violation of Indiana Public Policy
### (Frampton Violation)

62.     Plaintiff re-alleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

8

63.     At all material times, Defendant COOK was an employer under the jurisdiction of Indiana Workers Compensation laws.

64.     Sometime on or about January 23, 2015 Plaintiff suffered an occupational injury to her neck and shoulders.

65.     At all times material, Plaintiff is afforded protection under the Workers Compensation laws.

66.     It is an unlawful, discriminatory practice to coerce, threaten, retaliate or interfere with any person on the account of filing a Workers' compensation claim in the State of Indiana, *See Frampton v. Central Indiana Gas,* 260 Ind. 249, 252, 297 N.E.2d 425 (1972).

67.     As a result of her protected activity, to wit: the filing of a Workers' Compensation claim, Plaintiff was subjected to an adverse employment action in violation of Indiana Public Policy.

68.     Defendant COOK's act of retaliation caused Plaintiff to suffer economic losses, mental and emotional distress, embarrassment, humiliation, and indignity.

69.     By reason of Defendant COOK's retaliation, Plaintiff is entitled to all legal and equitable remedies available at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A.  Grant a declaratory judgment that the actions, conduct and practices of Defendant COOK complained of herein violated the laws of the United States;

B.  Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.  Grant an order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff, or in lieu of reinstatement front-pay;

D.  Grant an award of compensatory damages in an amount to be determined at trial, plus pre-judgment interest, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E.  Grant an award of punitive damages, plus pre-judgment interest, to compensate the Plaintiff for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F.  Grant an award of punitive damages, plus pre-judgment interest, to compensate Plaintiff for harm to her personal reputation and loss of career fulfillment;

G.  Grant an award of punitive damages for their willful, wanton, malicious and reckless conduct described above, in amounts to be determined at trial;

H.  Grant an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

I.  Grant an award to the Plaintiff for attorney fees and costs of this action; and

J.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

**PANICO LAW LLC**

***s//John Robert Panico***
John Robert Panico, IN Bar No. 24039-48
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
jpanico@discriminationlawgroup.com

*Counsel for Plaintiff*

11