UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARSHA L. GRUBB, )
)
Plaintiff, )
) No. 1:17-cv-1086-JMS-DLP
vs. )
)
COOK MEDICAL TECHNOLOGIES, )
LLC, and PENNY KING, )
)
Defendants. )

## Order on Plaintiff's Motion to Extend Deadlines and Vacate Trial Date (Dkt. 30) and Second Motion to Extend Deadlines and Vacate Trial Date (Dkt. 35)

This case comes before the Court on the Plaintiff's Motion to Extend Deadlines and Vacate Trial Date (Dkt. 30), filed February 20, 2018, and her Second Motion to Extend Deadlines and Vacate Trial Date (Dkt. 35), filed March 21, 2018. Defendants filed a response in opposition to the first motion on February 22, 2018 (Dkt. 32) and filed a response in opposition to the second motion on March 22, 2018 (Dkt. 36). Plaintiff did not file a reply to either motion and the time for doing so has passed. The motions were referred to the undersigned Magistrate Judge for ruling and, for the reasons that follow, the motions are **denied**.

### Background

Plaintiff Marsha L. Grubb commenced this action against Defendants Cook Medical Technologies, LLC ("Cook") and Penny King on April 5, 2017. Grubb claims she was terminated because of her disability and/or perceived disability in violation

of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, as amended. She also brings state law claims against Defendants. The complaint alleges Grubb received verbal and written warnings and was ultimately terminated from her employment with Cook for having her head down and allegedly having her eyes closed. (Dkt. 1 at ECF p. 5).

The court's June 21, 2017, scheduling order approving the Case Management Plan ("CMP") stated that "non-expert witness discovery and discovery relating to liability issues shall be completed by **February 5, 2018**[.]" (Dkt. 17 at ECF p. 5). The order provided that as used in this context, "completed" meant "counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same." (*Id.* at ECF p. 5 n.2).

On January 3, 2018, the parties filed a joint motion for extension of the discovery deadline to March 9, 2018 in order to allow them to complete depositions (including those of Grubb and King). The motion was granted and the Court extended the discovery deadline to March 9, 2018 (Dkt. 29). No other deadlines were extended. Thus, the discovery deadline was March 9, 2018; the dispositive motion deadline is April 5, 2018; and the final pretrial conference and trial are scheduled during the fall of this year.

On February 8, 2018, Grubb deposed Defendant King. Thereafter, Plaintiff's counsel requested available dates for depositions of other Cook employees, and the

2

parties' counsel emailed back and forth about dates. (Dkt. 32-4 at ECF pp. 4–7). Then on February 19, Plaintiff's counsel emailed Defendants' counsel that he would move for a 60-day extension of the discovery deadline to send another request for production of documents "as Ms. King testified that she and Nethery have observed other employees with eyes closed and/or sleeping." (Dkt. 32-4 at ECF p. 3). Plaintiff's counsel indicated he would like to see the disciplinary files for all Cook employees disciplined for a similar reason and would need them before taking two other depositions. (*Id.*) Defendants objected to the request for more time.

On February 20, 2018, Grubb filed her first motion to extend the discovery and dispositive motion deadlines and vacate the trial date, seeking to extend the discovery deadline to May 9, 2018, and the dispositive motion deadline to June 8, 2018. The motion states that Grubb deposed one of Cook's supervisors (King) on February 8, 2018, and learned that additional discovery was required, including production of documents and depositions that could not be completed by the discovery deadline. Also on February 20, Grubb served her Second Request for Production of Documents to Defendant Cook. (Dkt. 32-5). The request seeks twelve categories of documents, only three of which are related to disciplinary files for employees disciplined for having their eyes closed, for appearing to be sleeping, or for sleeping-on-the-job. (Dkt. 32-5 at ECF pp. 6–7).

Before the Court ruled on the first motion to extend deadlines and vacate trial date, Grubb filed her Second Motion to Extend Deadlines and Vacate Trial Date (Dkt. 35). The motion references the first motion to extend, asserting that "the

3

requested dates are no longer workable" (Filing No. 35 at ECF p. 1), but offers no further explanation. In addition to again seeking to vacate the final pretrial conference and trial settings, the motion seeks to extend the discovery deadline to June 10, 2018 and the dispositive motion deadline to July 8, 2018, which is about one month longer an extension for each than requested in the first motion.

Defendants oppose the motions to extend the deadlines. They argue Grubb has not shown good cause for her inability to complete discovery by the current deadline, and they argue she is attempting to cure a lack of diligence and have a second chance at discovery.

## Discussion

Under Federal Rule of Civil Procedure 16(b), a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In deciding whether a party has shown good cause, the Court's focus is on "the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). To demonstrate good cause, a party must show that "despite their diligence, the established timetable could not be met." *Adams v. N. Ind. Pub. Serv. Co.*, No. 2:10-cv-469, 2015 WL 4715120, at \*1 (N.D. Ind. Aug. 7, 2015) (quotation and citation omitted). A lack of prejudice to the opposing party does not establish good cause to extend a deadline in a scheduling order. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Grubb has not demonstrated good cause to extend the discovery and dispositive motion deadlines.

Grubb asserts that the extensions of the deadlines are warranted because King testified at her deposition that she and another Cook employee had observed other employees with their eyes closed and/or sleeping, Grubb needs the disciplinary files of all Cook employees disciplined for such behavior, and she needs them before taking other depositions. The Complaint, filed in April 2017, alleges that on several occasions, Grubb received verbal or written warnings "for having [her] head down and allegedly having her eyes closed" and that she "was terminated for having [her] head down and allegedly having her eyes closed." (Dkt. 1 at ECF p. 5). Defendants' Answer, filed in May 2017, admitted Grubb received verbal or written warnings, was suspended, and ultimately was terminated "for sleeping while at her work station." (Dkt. 10 at ECF p. 8). Further, the CMP, which was approved in June 2017, asserts Defendants' position that Grubb was terminated "because she repeatedly fell asleep at her work station during her scheduled shifts despite numerous warnings and counseling sessions from her management team, including Ms. King." (Dkt. 17 at ECF p. 2).

Thus, Grubb knew or should have known when she filed this case back in April 2017 that whether she had her eyes closed at work would be an issue, and she knew or should have known at least by May 2017 that whether she slept at her work station would be an issue. The CMP confirmed those facts were in issue. To the extent Grubb would attempt to rely on the indirect method of proving her disability discrimination claim before trial, she would have to demonstrate a *prima facie* case by showing, among other elements, that "similarly situated employees

5

without a disability were treated more favorably." *Bunn v. Khoury Enterps., Inc.*, 753 F.3d 676, 685 (7th Cir. 2014). Grubb should have known early in the pretrial stage and long before King's February 8 deposition that whether similarly situated employees—employees who closed their eyes or fell asleep while working—without a disability were disciplined, and if so, how they were disciplined, would be significant issues in the case. That King testified to observing other employees with their eyes closed and/or sleeping does not justify the belated quest for discovery on this issue.

Even assuming that Grubb first realized at the February 8 deposition that she needed disciplinary files of other employees who were disciplined for having their eyes closed and/or sleeping, she waited too long (almost 8 months after the CMP was approved) to take the deposition of a party, Defendant King. Grubb knew since June 2017 that the discovery deadline was February 5, 2018; yet she didn't seek to depose King until she ran up on the deadline. In doing so, Grubb made "it impossible for her to do a timely follow-up on what she might learn at [King's] deposition. "This foreseeable outcome, the result of a lack of diligence, is not good cause." *Lawson v. Bethesda Lutheran Cmtys., Inc.*, Cause No. 1:11-CV-228, 2012 WL 3288737, at *2 (N.D. Ind. Aug. 10, 2012). As a party, King could not have been an unanticipated witness; Grubb would have known of the need to take King's deposition long ago.

And just like the *Lawson* plaintiff, Grubb has not explained "why, *despite her diligence,* the written discovery she wishes to do now could not have been done

6

sooner." 2012 WL 3288737, at *2. Curiously, of the twelve categories of documents Grubb seeks in her Second Request for Production of Documents, only three of them relate to disciplinary files of employees disciplined for having their eyes closed, appearing to be sleeping, or sleeping-on-the-job. Grubb has not argued that King's deposition prompted the need for these other categories of documents.

Grubb has not shown that despite her diligence, the current discovery deadline could not have been met. Therefore, the Court finds that her motion to extend deadlines should be denied.

The time for briefing and ruling on the pending motions has brought the case close to the April 5, 2018 dispositive motion deadline. In the interest of allowing the parties sufficient time between this ruling and that deadline, the Court will extend that deadline to and including April 30, 2018.

<u>Conclusion</u>

Plaintiff's Motion to Extend Deadlines and Vacate Trial Date (Dkt. 30) and Second Motion to Extend Deadlines and Vacate Trial Date (Dkt. 35) are **DENIED**. The dispositive motion deadline, however, is **EXTENDED** to and including **April 30, 2018**. All other deadlines remain the same.

So ORDERED.

Date: 4/4/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system